IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES CHANEY JR., : | |
| : | Civil Action No. 19-0005 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| LIEUTENANT RICHARD BEDNARO, : | |
| et al., : | |
| : | |
| Defendants. : | |

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

AND NOW, come the Defendants, Corrections Officer Corey Borello, Sergeant John Clinger, Corrections Officer Brenton Boyd, Lieutenant Richard Bednaro, Lieutenant Nathan Seely, Lieutenant Samuel Barner, and Corrections Officer Daniel Bornsheuer ("the Corrections Defendants"), by their attorneys, Sarah J. Simkin, Deputy Attorney General, Scott A. Bradley, Senior Deputy Attorney General, and Keli M. Neary, Chief Deputy Attorney General, Chief Litigation Section, and submit the following Brief in Support of Defendants' Motion for Summary Judgment as follows:

**I.     STATEMENT OF THE CASE**

Plaintiff, Charles Chaney, KR9965, ("Plaintiff"), is a *pro se* prisoner currently in the custody of the Pennsylvania Department of Corrections ("DOC"). The events giving rise to the at-issue Complaint took place at the State Correctional Institution at Albion ("SCI-Albion"). Plaintiff initiated this *pro se* prisoner civil rights action on or about January 4, 2019, by a Complaint without a Motion for Leave to Proceed *in forma pauperis* attached. [ECF 1]. Plaintiff's Complaint was eventually docketed on February 12, 2019. [ECF 4]. Plaintiff brings claims against several DOC employees claiming that his Eighth Amendment rights were violated on May 15,

2018, when he was subjected to excessive force. Defendants filed their Answer on June 11, 2019. [ECF 19].

In his Complaint [ECF 4], Plaintiff stated that his legs were smacked; that he was thrown violently to the ground; that he was tasered; and that he was punched and kneed in his right eye. [ECF 4]. Video footage of the incident, which was previously provided to the Court, demonstrates that Plaintiff's account of the incident is not accurate.

The Defendants now move for summary judgment on all claims against them in the Complaint[1]:

## II. STANDARD OF REVIEW

In ruling on a motion for summary judgment, a threshold inquiry is conducted on the need for a trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Federal Rules of Civil Procedure 56(c). See also, Celotex Corporation v. Catrett, 477 U.S. 317, 325 (1986).

The moving party bears an initial burden of showing the absence of any genuine issues of fact; the non-moving party must set forth specific facts showing that there is a genuine issue for trial. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no genuine issue of material fact. See Anderson, 477 U.S. at 248. Rule 56(e) does not allow the non-

---

[1] The Defendants have prepared a Statement of Material Facts Not In Dispute ("SMF") and an Appendix of Attachments ("SMF Exhibits") thereto, which set forth the facts of this case in significant detail. Thus, no further exposition of the facts will be included herein, except as needed in the development of the legal issues below.

moving party to rely merely upon bare assertions, conclusory allegations or suspicion. See Fireman's Insurance Company of Newark v. DeFresne, 676 F.2d 965, 969 (3d Cir. 1982). There is no issue for trial unless evidence in the record would permit a jury to return a verdict for the non-moving party. See Anderson, 477 U.S. at 248. In deciding a motion for summary judgment, the court construes all facts and inferences in the light most favorable to the non-moving party. See Pollack v. AT&T, 794 F.2d 860, 864 (3d Cir. 1986).

To apply the summary judgment test, the elements of a plaintiff's *prima facie* case under the substantive law are considered. See Anderson, 477 U.S. at 248. Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation, 477 U.S. at 322.

### III. MATERIAL FACTS NOT IN DISPUTE

The undisputed material facts in support of Defendants' Motion for Summary Judgment are set forth in Defendants' Concise Statement of Material Facts, which is being filed contemporaneously with this Motion per Local Rule 56.

### IV. ARGUMENT

A. Defendants are entitled to summary judgment because Plaintiff has failed to establish an Eighth Amendment excessive force claim against them.

Initially, when reviewing a claim of excessive force,

> [t]he Eighth Amendment is 'the primary source for protection of an inmate who has been convicted and is serving his sentence and claims that officials used excessive and unjustified force.' Picozzi v. Haulderman, No. 08-0926, 2011 WL 830331, *4 (M.D.Pa. Mar. 3, 2011). When evaluating a § 1983 excessive force claim made by a prisoner against prison guards, the touchstone is whether the force

> was applied in a 'good-faith effort to maintain or restore discipline, or maliciously and sadistically' to cause harm. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Relevant factors in that determination include '(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by prison officials; and (5) any efforts made to temper the severity of a forceful response.' Passmore v. Ianello, 528 F.App'x 144, 147 (3d Cir. 2013).

Talbert v. Farrell, 2016 WL 3654401, *4 (E.D.Pa. 2016), see also Randolph v. Wetzel, 2019 WL 2577635, *8 (E.D.Pa. 2019)(*citing* Hudson v. McMillian, 503 U.S. 1, 7 (1992) and Whitley v. Albers, 475 U.S. 312, 321 (1986).

In assessing a claim for excessive force, where there is video recording of the encounter, this Court has very recently observed,

> [w]here the events at issue have been captured on videotape, the court must consider the videotaped evidence in determining whether there is any genuine dispute as to material facts. See Scott v. Harris, 550 U.S. 372, 380-81 (2007). The court must view the facts in the light depicted by the videotape. See id. (relying on a videotape in assessing summary judgment evidence and admonishing that the lower court "should have viewed the facts in the light depicted by the videotape."). If a review of the videotape 'refutes an inmate's claims that excessive force was used against him, and the video evidence does not permit an inference that prison officials acted maliciously and sadistically, **summary judgment is entirely appropriate**.' Smalls v. Sassaman, 2019 WL 4194211, at *8 (M.D.Pa. Sep. 4, 2019)(citing Tindell v. Beard, 351 F.App'x 591 (3d Cir. 2009)). See also McCullon v. Saylor, 2013 WL 1192778, at *14 (M.D.Pa. Mar. 4, 2013)("[I]n assessing ... claims in a case where an encounter is captured on videotape we are mindful of the fact that when 'videotape refutes [an inmate's] assertion that defendant[s] used excessive force,' or when the 'video shows that [an inmate] did not suffer any physical distress' ... we should conclude 'viewing the evidence in the light most favorable to [the inmate that], no reasonable finder of fact could view the video of the incident and determine that [defendants] acted maliciously and sadistically,' and may enter summary judgment on the excessive force claim.")(quoting Tindell, 351 F.App'x at 596).

Conklin v. Todd, No. 2:16-CV-1722, 2019 WL 6619497, at *4 (W.D. Pa. Nov. 8, 2019), report and recommendation adopted, No. CV 16-1722, 2019 WL 6615424 (W.D. Pa. Dec. 5, 2019)(emphasis added).

Similarly the Third Circuit explained that when assessing a claim for excessive force where there is video recording of the encounter "videotape refutes [an inmate's] assertion that defendant[s] used excessive force … [or when the] video shows that [an inmate] did not suffer any physical distress, and a medical report indicates that he had no visible swelling or injuries," it is proper for a court to conclude that "viewing the evidence in the light most favorable to [the inmate that], no reasonable finder of fact could view the video of the incident and determine that [defendants] acted maliciously and sadistically," and the court should enter summary judgment on an excessive force claim. McCullon v. Saylor, 2013 WL 1192778 (M.D. Pa. Mar. 4, 2013) report and recommendation adopted, 2013 WL 1192963 (M.D. Pa. Mar. 22, 2013) citing Tindell v. Beard, 351 F. App'x 591, 596 (3d Cir. 2009).

Undoubtedly, Plaintiff's characterization of events from May 15, 2018 does not comport with the irrefutable video evidence depicting him striking his own head on the wall and showing that no taser was deployed on him at any point. See SMF ¶21-25. On May 15, 2018, Plaintiff was removed from his cell after refusing multiple directions to return his meal tray and attempting to use the tray to break the window of his cell. See SMF ¶¶6-10. He was escorted to the RHU triage room to be medically assessed and decontaminated of the Oleoresin Capsicum spray that had been utilized in removing him from his cell. See SMF ¶¶10-12. Plaintiff struck his own face against the wall, causing injury to his eye at approximately 13:10 hours. See SMF ¶13. Video footage of the incident was captured; all three videos have been provided to the Court and are attached as Exhibits A-C to the Statement of Material Facts. See SMF ¶15. The footage clearly demonstrates that

Plaintiff was never struck in the face as his Complaint alleges; rather, the swollen eye he sustained was due to his own action of striking his face against the wall. See SMF ¶15.

Based on the foregoing, Plaintiff has failed to establish an excessive force claim against the Defendants. The record is devoid of any evidence that any of the Defendants utilized excessive force on Plaintiff. Rather, the evidence demonstrates that their response to an uncooperative and aggressive inmate was appropriate under the circumstances. Therefore, it is respectfully requested that judgment be entered in favor of the Defendants and against Plaintiff.

B.  Defendants are entitled to summary judgment because Plaintiff has failed to exhaust his administrative remedies

Exhaustion is an affirmative defense. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). The Defendants aver that the instant action is barred for Plaintiff's failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). An affirmative defense is proven if, after considering all evidence in the case, the Defendants have succeeded in proving that the required facts are more likely so than not so. See Third Circuit Model Civil Jury Table of Contents and Instructions 1.10. Exhaustion is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts. See Small v. Camden County, 728 F.3d 265 (3d Cir. 2013)("Exhaustion is a 'threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time')(quoting Dillon v. Rogers, 596 F.3d 260, 272 (5th Cir. 2010)). See also Hensley v. Trempus, 2019 WL 2412490, *1, report and recommendation adopted, 2019 WL 2410803 (W.D.Pa. 2019); Breeland v. Fisher, 2013 WL 5935046, *4 (M.D.Pa. 2013).

The Prison Litigation Reform Act provides, in pertinent part, as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Application of this section is mandatory. Porter v. Nussle, 534 U.S. 516 (2002). Exhaustion, for these purposes, requires "proper" exhaustion. Woodford v. Ngo, 548 U.S. 81 (2006).

In order to properly exhaust, prisoners must complete the administrative review process in accordance with the applicable procedural rules of the prison grievance process. Jones v. Bock, 549 U.S. 199 (2007). Prison grievance procedures supply the yardstick for measuring procedural default. Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004). Unexhausted claims may not be considered by the courts. Jones v. Bock, *supra*. Courts are reluctant to invoke equitable reasons to excuse failure to exhaust as the statute requires. Davis v. Warman, 49 F.App'x 365 (3d Cir. 2002). "[I]t is beyond the power of the court to excuse compliance with the exhaustion requirement." Nyhuis v. Reno, 204 F.3d at 73.

The Pennsylvania Department of Corrections has implemented an Inmate Grievance Process, which is set forth in DC-ADM 804 (Inmate Grievance System). See 37 Pa. Code § 93.9; see also Lawson v. Barger, 2019 WL 2085813, *3, report and recommendation adopted, 2019 WL 2085449 (W.D.Pa. 2019)("The grievance system utilized in Pennsylvania's prison system requires inmates to satisfy a three-step grievance and appeals process")(citing DC ADM-804).

The DC-ADM 804 mandates that an inmate must complete three steps in the grievance process in order to properly exhaust administrative remedies: 1) filing an Initial Inmate Grievance; 2) filing an Appeal to the Facility Manager; and 3) Filing an Appeal to the Secretary's Office of Inmate Grievances and Appeals. See SMF, at ¶¶ 31-33. Additionally, the DC-ADM 804 requires

the inmate to include specific information in the grievance: particularly, **"The inmate shall identify individuals directly involved in the event(s)"** See SMF, at ¶ 34. Failure to fully exhaust under ADM-804 is fatal to an inmate Plaintiff's case. See Jackson v. Carter, 2019 WL 342685, *4 (W.D.Pa. 2019); Wakeley v. Giroux, 2014 WL 1515681, *12-*19 (M.D.Pa. 2014). Cf. Sinkler v. Clark, 2019 WL 6328031, *3 (M.D.Pa. 2019)("Courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court")(citing Booth v. Churner, 206 F.3d 289 (3d Cir. 2000); Bolla v. Strickland, 304 F.App'x 22 (3d Cir. 2008)).

Plaintiff did file a grievance regarding the allegations underlying his Complaint. See SMF, at ¶29. However, Plaintiff did not identify the individuals involved. See SMF, at ¶30. As such he has failed to exhaust his administrative remedies as to all defendants and summary judgment is appropriate.

## V. CONCLUSION

WHEREFORE, the Defendants respectfully request that this Court enter summary judgment in their favor and against Plaintiff on all claims in the Complaint.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By: /s/ Sarah J. Simkin
SARAH J. SIMKIN
Deputy Attorney General
Attorney I.D. 320646

OFFICE OF ATTORNEY GENERAL
1251 Waterfront Place, Mezzanine Level
Pittsburgh, PA 15222

KAREN M. ROMANO
Chief Deputy Attorney General
Chief, Litigation Section

Date: March 5, 2020

*Counsel for DOC Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within *Brief in Support of Motion for Summary Judgment* was served upon the following via first class mail, postage prepaid:

Smart Communications / PADOC
Charles Chaney Jr., / KR 9965
SCI Houtzdale
PO Box 33028
St. Petersburg, FL 33733

                                                  By:    /s/ *Sarah J. Simkin*
                                                          SARAH J. SIMKIN
                                                          Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

Date:  March 5, 2020